UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| United States of America, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Case No. 2:08-cr-163(3) |
| Elisha Lacy Dickens, et al., | : | Judge Michael H. Watson |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the Court on Defendant Elisha Lacy Dickens' motion for judgment of acquittal under Fed. R. Crim. P. 29. Dickens moved for judgment of acquital both after the Government rested and at the close of all of the evidence. For the following reasons the Court denies Dickens' motion.

> The applicable standard is whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Solorio*, 337 F.3d 580, 588 (6th Cir.2003). In doing so, the court does not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute its judgment for that of the jury. *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir.1993). The evidence need not exclude every reasonable hypothesis except that of guilt. *United States v. Adamo*, 742 F.2d 927, 932 (6th Cir.1984).

*United States v. Stapleton*, 297 Fed.Appx. 413, 424, 2008 WL 4613579, 8 (6th Cir. 2008).

The Government alleges, *inter alia*, that on the evening of June 6 and early morning hours of June 7, 2008, Haynie, McClellan and Dickens drove from Pomeroy, Ohio to Mason, West Virginia to plan and rehearse the robbery. It is also alleged that Dickens provided a firearm and pointed out Roush's house in Mason, West Virginia.

Moreover, the Government maintains that it was agreed among all three men that Haynie and McClellan would spend the night at a hotel in West Virginia and commit the robbery the next evening, while Dickens stayed away in Ohio.

In addition, the Government asserts that on the evening of June 7, 2008 McClellan drove to Roush's house with Haynie. It is alleged that McClellan stayed in the car while Haynie entered the house with a firearm.

The Government further maintains that upon entering the house Haynie struck Shane Leach with the firearm, and Leach then ran from the house. The Government contends that Haynie then struck Roush with the firearm, knocking him to the floor, and that as Haynie struck Roush, the firearm discharged into the ceiling. The Government alleges that as Roush got up from the floor Haynie struck him again with the firearm, and the firearm discharged into the back of Roush's head. It is alleged that Roush died within minutes as a result of the bullet wound.

The Government maintains that Haynie returned to the car without money or drugs, and that McClellan and Haynie then fled to Ohio and disposed of the firearm along the way. It is alleged that throughout their flight from West Virginia into Ohio, McClellan and Dickens remained in phone contact.

The Government alleges that all of this happened in the Southern District of Ohio and the State of West Virginia. Following the dismissal of allegations that defendants acted with intent to kill Christopher Roush, the superceding indictment charges Dickens with six offenses. The Government charges Dickens as an aider and abettor in Counts One through Four, and Six, under 18 U.S.C. § 2. The Government also seeks to hold Dickens criminally liable for the foreseeable actions taken by co-conspirators in

furtherance of the alleged conspiracy under the *Pinkerton* rule. The Court will separately evaluate the sufficiency of the evidence with respect to each Count.

**Count One**

Count One charges Dickens with interstate stalking in violation of 18 U.S.C. § 2261(a)(1). To obtain a conviction on Count One, the Government must prove the following elements beyond a reasonable doubt:

First, that the defendant traveled in interstate commerce;

Second, that the defendant did so knowingly;

Third, that the defendant traveled with the intent to injure or harass another person, that is Christopher Roush;

Fourth, that Christopher Roush was placed in reasonable fear of death or serious bodily injury to himself in the course of, or as a result of, that travel;

Fifth, that the above acts resulted in the death of Christopher Roush; and

Sixth, that these events occurred on or about the date alleged in the indictment in whole or in part in the Southern District of Ohio.

See 18 U.S.C. § 2261A(1); *United States v. Al-Zubaidy*, 283 F.3d 804, 808-810 (6th Cir. 2002) (stating essential elements of §2261A(1)).

The government satisfied the first, second, and third elements by Haynie's testimony that he and and McClellan traveled from Ohio to West Virginia with the intent to rob Christopher Roush. Haynie's testimony also establishes the fourth element, as Haynie testified that he burst into Roush's house with a gun, which he pointed at Roush and used to hit Roush. A rational trier of fact could infer from this evidence that Roush was placed in reasonable fear of death or serious bodily injury to himself. The fifth

element is satisfied by the stipulation of the parties that Roush died as a result of the accidental gunshot to his head. Moreover, the Government established through Haynie that Dickens aided and abetted by providing Haynie the .45 Auto High-Point pistol for the robbery. Moreover, Haynie testified that Haynie plotted the robbery with Dickens and McClellan, Dickens pointed out Christopher Roush's house to Haynie, Dickens booked lodging for Haynie and McClellan at the Mason Hotel, and Dickens came to the Mason Hotel on the evening of the robbery to give Haynie and McClellan bandanas to hide their identities. Other witnesses and phone records corroborated many aspects of Haynie's testimony. Viewing the evidence in the light most favorable to the prosecution, the Court finds that a rational trier of fact readily could have found that the Government proved all of essential elements of Count One beyond a reasonable doubt. Furthermore, the testimony of numerous witnesses establishes that the offense occurred, in part, in the Southern District of Ohio. This is true for all of the Counts in the indictment.

**Count Two**

Count Two charges Dickens with discharging a firearm during and in relation to a crime of violence (Count One) in violation of 18 U.S.C. § 924(c). To obtain a conviction on Count 2, the Government must prove the following elements beyond a reasonable doubt:

First, that defendant Dickens committed the offense of Interstate Stalking as charged in Count One of the Indictment;

Second, that defendant Dickens knowingly used, carried, and brandished a firearm that was discharged during and in relation to a crime of violence, specifically,

Interstate Stalking as charged in Count One of the Indictment; and,

Third, that the Interstate Stalking occurred in part in the Southern District of Ohio on or about the dates alleged in the indictment.

See 18 U.S.C. § 924(c)(1)(A)(iii).

As discussed above, the Government has established a violation of Count One, thereby satisfying the first element of Count Two. The Government also established the knowing use and discharge of the firearm through Haynie, who testified that he used the .45 Auto Hi-Point pistol for the attempted robbery, and that the gun discharged when he used it to hit Roush. Moreover, Amy Lucas and Shane Leach, who were at or near the scene of the murder, testified that they heard two shots. Once again, Dickens' role as an aider and abettor is established by Haynie's testimony that Dickens gave him the gun in addition to various other acts. A rational trier of fact could have easily found that the Government proved all of essential elements of Count Two beyond a reasonable doubt.

**Count Three**

Count Three charges Dickens with traveling in interstate commerce to commit a crime of violence in violation of 18 U.S.C.§ 1952. To obtain a conviction on Count Three, the Government must prove the following elements beyond a reasonable doubt:

First, that the defendant knowingly traveled from one state to another; and

Second, that the defendant did such travel with the present intention to commit a crime of violence to further a conspiracy to distribute and possess with intent to distribute a controlled substance;

Third, that after the interstate travel, the defendant knowingly and deliberately did

commit a crime of violence to further a conspiracy to distribute and possess with intent to distribute a controlled substance;

Fourth, that the interstate travel resulted in Christopher Roush's death; and

Fifth, that these events occurred on or about the date alleged in the indictment in whole or in part in the Southern District of Ohio.

See 18 U.S.C. § 1952.

Haynie testified, *inter alia*, that he and McClellan traveled from Ohio to West Virginia with the intention of robbing Christopher Roush of drugs and money, thereby satisfying the first element and part of the second element of Count Three. A rational trier of fact could conclude from the evidence that Dickens and McClellan intended the robbery to hurt the business of a competing drug dealer, Frank Dickens, as well as to provide drugs for them to sell, thereby furthering their conspiracy to possess with intent to distribute cocaine. Hence, the remainder of the second element of the offense is satisfied. The third element is satisfied by Haynie's testimony about the botched robbery. The fourth element is satisfied by Haynie's testimony that he accidently shot Roush, along with the parties' stipulation as to the cause of Roush's death. When this evidence is viewed in the light most favorable to the prosecution, it is apparent that a rational trier of fact could find all of the essential elements of Count Three proved beyond a reasonable doubt.

**Count Four**

Count Four charges Dickens with discharging a firearm during and in relation to a crime of violence (Count Three) in violation of 18 U.S.C. § 924(c). To obtain a conviction on Count Four, the Government must prove the following elements beyond a

reasonable doubt:

First, that on or about June 7, 2008 the Defendant committed the offense of traveling in interstate commerce to commit a crime of violence as specified in Count Three of the Indictment, to further an unlawful activity; and

Second, that during and in relation to the commission of that offense, the Defendant knowingly used or carried a firearm that was discharged; and

Third, that the alleged offense occurred, in part, in the Southern District of Ohio. See 18 U.S.C. § 924(c)(1)(A)(iii).

The Court has already found the Government has adduced sufficient evidence to establish traveling in interstate commerce to commit a crime of violence in violation of 18 U.S.C.§ 1952. The first element of Count Four is therefore established. As with Count Two, discussed above, the remaining elements are also established. Consequently, the Court concludes that a rational trier of fact could have found all of essential elements of Count Four proved beyond a reasonable doubt.

**Count Five**

Count 5 charges Dickens with conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. To obtain a conviction on Count 5, the Government must prove the following elements beyond a reasonable doubt:

First, that two or more persons conspired, or agreed, to commit the crimes of possession with intent to distribute and distribution of crack cocaine or cocaine powder, both of which are Schedule II controlled substances;

Second, that the defendant knowingly and voluntarily joined the conspiracy; and

Third, that the offense charged occurred in whole or in part in the Southern

District of Ohio on or about the dates alleged in the indictment.

See 18 U.S.C. 846; 18 U.S.C. § 841(a)(1).

Haynie was present when Lacy Dickens and McClellan sold an "Eight Ball" of cocaine at Dickens' house. Haynie also testified that he, Dickens, and McClellan plotted together to "hit a lick" and settled on robbing Christopher Roush of drugs and money. Haynie said it was agreed that he would keep the cash, while Dickens and McClellan would keep the drugs. Other witnesses also testified about Dickens' and McClellan's distribution of cocaine.

The Court finds that a rational trier of fact could infer from the above evidence that Dickens knowingly and voluntarily joined a conspiracy with Adam McClellan to commit the crimes of possession with intent to distribute and distribution of crack cocaine or cocaine powder in Meigs County, Ohio. The Government has therefore adduced sufficient evidence to establish all three essential elements of conspiracy as charged in Count Five of the indictment.

**Count Six**

Lastly, Count Six charges Dickens with felony murder in violation of 18 U.S.C. § 924(c) and 924(j). To obtain a conviction on Count Six, the Government must prove the following elements beyond a reasonable doubt:

First, that the defendant caused the death of Christopher Roush;

Second, that the defendant killed Christopher Roush with malice aforethought;

Third, that the killing of Christopher Roush was a consequence of, and while the defendant was knowingly committing a drug trafficking crime, that is conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, which may

be prosecuted in a court of the United States;

Fourth, that the defendant knowingly used or carried a firearm that was discharged during and in relation to a drug trafficking crime, specifically, conspiracy to distribute and possession with intent to distribute cocaine and crack cocaine; and,

Fifth, that the Conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine occurred in part in the Southern District of Ohio on or about the dates alleged in the Indictment.

See 18 U.S.C. § 924(j)(1); 18 U.S.C. § 1111(a); *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000).

Haynie's testimony establishes that Dickens acted with him, at the very least as an aider and abettor, to cause the death of Christopher Roush. As noted above, Haynie's testimony is corroborated by that of other witnesses and the records of Dickens' numerous phone calls. Alternatively, a rational trier of fact could find beyond a reasonable doubt that the attempted robbery was in furtherance of the drug conspiracy and that Roush's death was foreseeable. The Court finds that this evidence satisfies the first element of Count Six.

Malice aforethought may be inferred from conduct which is reckless or a gross deviation from a reasonable standard of care. Here, Dickens was part of a conspiracy to commit a robbery which entailed a late night home invasion using a loaded firearm. A rational trier of fact could infer from this evidence that Dickens and his co-defendants acted with malice aforethought because they were aware of a serious risk that death or serious bodily harm would result from the robbery. Thus, the second element of felony murder is satisfied.

The third element of the offense requires the Government to prove that the killing of Christopher Roush was a consequence of, and while the defendant was knowingly committing a drug trafficking crime, namely, conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine. The evidence discussed above supports a conclusion that the attempted robbery which ended in Roush's death was part of the scheme of McClellan and Dickens to become the dominant drug dealers in Meigs County, and to hurt Frank Dickens, a rival drug dealer. Accordingly, the Court finds that the Government has adduced sufficient evidence to satisfy the third element of felony murder.

Haynie's testimony establishes that a firearm was carried, used and discharged. For reasons alluded to above, the Court finds that a rational trier of fact could infer that this occurred in relation to a conspiracy to distribute and possession with intent to distribute cocaine and crack cocaine. The Government has established the fourth element of felony murder. Viewing the evidence in the light most favorable to the Government, the Court holds that a rational trier of fact could have found all of essential elements of Count Six proved beyond a reasonable doubt.

Based on the foregoing, the Court finds that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find that the Government proved all of essential elements of each Count of the superceding indictment beyond a reasonable doubt. Accordingly, the Court's **DENIES** Dickens' Rule 29 motion for judgment of acquittal.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**