## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ELISHA LACY DICKENS,**

                            **CASE NO. 2:16-cv-603**
    **Petitioner,**                  **CRIM. NO. 2:08-cr-163(3)**

    **v.**                         **JUDGE MICHAEL H. WATSON**
                            **Magistrate Judge Kemp**
**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255.  The case is before the Court on the motion (Doc. 212), the United States' motion to dismiss (Doc. 218), and Petitioner's response (Doc. 221).  For the following reasons, it will be recommended that the motion to vacate be **DENIED**.

### I.  Facts and Procedural History

This criminal case began when the grand jury indicted Adam C. McClellan and Michael A. Haynie on six counts of criminal conduct.  Those two defendants were accused of traveling from Ohio to West Virginia on June 7, 2008, with the intent to kill, injure, or harass one Christopher Roush, who ended up being murdered.  They were also charged with weapons offenses in connection with Mr. Roush's murder and with conspiring to possess and to distribute cocaine, as well as with a firearm charge related to the drug charge.  The grand jury subsequently returned a superseding indictment against Mr. McClellan and Petitioner, alleging the same charges but omitting Mr.

Haynie as a defendant because he had pleaded guilty to some of the counts of the original indictment.  (Doc. 41).

After entering a not guilty plea at his arraignment, and after Mr. McClellan went to trial and was found guilty, Petitioner went to trial as well.  On the fifth day of trial, the jury returned a guilty verdict on all six counts.  A sentencing hearing was held on November 30, 2009, at which the Court sentenced Petitioner to 480 months of imprisonment on counts one and three, to run concurrently; 240 months of imprisonment on count 5, also to run concurrently; and to 120 months on counts two, four, and six, all charges under 18 U.S.C. §924(c), to run consecutively to the other sentences imposed, for a total of 600 months of imprisonment.  (Doc. 131).

Petitioner timely appealed.  He raised issues relating to prosecutorial misconduct and to the length of his sentence.  In a decision rendered on July 19, 2011, the Court of Appeals affirmed both the conviction and the sentence.  Doc. 158; *United States v. Dickens*, 438 Fed. Appx. 364 (July 19, 2011).  The Supreme Court denied a petition for a writ of *certiorari*.  *United States v. Dickens*, 132 S.Ct. 359 (Oct. 3, 2011).

On June 24, 2016, Petitioner filed his motion to vacate.  Petitioner asserts that all of his convictions for carrying a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) are unconstitutional under *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015).  Additionally, he asserts that his convictions for use of a firearm in connection with his conviction under the Stalking Act, 18 U.S.C. §2261A, and the Interstate Travel Act, 18 U.S.C. §1952, , which were counts one and three of the superseding indictment, are invalid because  convictions under those statutes do not

2

qualify as "crimes of violence" for purposes of a §924(c) conviction.    He argues, in his supporting memorandum, that these statutes can be violated without the use of force, and therefore they are not  proper predicate offenses for a §924(c) conviction.  In its motion to dismiss, the United States contends that Petitioner's primary argument is foreclosed by the Court of Appeals' decision in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), which held that the Supreme Court's *Johnson* ruling does not affect the validity of convictions under the residual clause of  §924(c), and that his other arguments are untimely.

## II.  Discussion

In *Johnson v. United States*, 135 S.Ct. at 2551, the United States Supreme Court held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.  Under the ACCA, a criminal defendant who is found guilty of possessing a firearm after having been convicted on three or more convictions of a "serious drug offense" or a "violent felony" is subject to a mandatory minimum sentence of 15 years and a maximum term of life in prison.  18 U.S.C. § 924(e)(1).  The ACCA defines the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)      is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2) (Emphasis added).  The italicized portion of subsection (ii) is known as the "residual clause," and it is the section of the statute that *Johnson* found to be unconstitutionally vague.

18 U.S.C. § 924(c)(1)(A), which is not part of the ACCA, criminalizes the use, possession, or carrying of a firearm, "during and in relation to" or "in furtherance of" any crime of violence or drug trafficking crime.  This statute defines "crime of violence" as a felony that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  "Section 924(c)(3)(A) is referred to as the 'force clause' of the statute, while section 924(c)(3)(B) is referred to as the 'residual clause.' "  *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *2 (E.D. Mich. Dec. 18, 2015)(footnote omitted).  It is similar to, but worded slightly differently than, the residual clause of the ACCA.  Petitioner asserts that because of that similarity, this "residual clause" is also unconstitutionally vague, and that his three §924(c) convictions must be invalidated.

Despite the similarities in the two statutes at issue, the United States Court of Appeals for the Sixth Circuit has rejected Petitioner's argument that the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague based on the reasoning of the

Supreme Court in *Johnson*.  In *United States v. Taylor, supra*, the Court of Appeals was faced with this situation.  The defendant had been convicted of multiple offenses including carjacking resulting in death, murder by use of a firearm during and in relation to carjacking, kidnaping resulting in death, and murder by use of a firearm during and in relation to kidnaping.  The two firearms offenses arose under §924(c)(3)(B).  Defendant challenged those convictions under *Johnson*, arguing, as Petitioner does here, that the residual clause of §924(c) is unconstitutionally vague.  In rejecting that argument, the *Taylor* court held that "[t]here are significant differences making the definition of 'crime of violence' in § 924(c)(3)(B) narrower than the definition of 'violent felony' in the ACCA residual clause."  *Id*. at 376.  It noted that §924(c)'s emphasis on the risk of the use of physical force in the course of committing another offense "is much more definite than the risk of physical injury to a victim."  *Id*. at 376-77.  Also, tying a §924(c) conviction to a risk of physical force that arises during the course of the commission of the predicate offense "effectively requires that the person who may potentially use physical force be the offender."  *Id*. at 377.  Finally, the predicate felony offense must be one which "'by its nature' involves the risk that the offender will use physical force."  *Id*.  Because "[n]one of these narrowing aspects is present in the ACCA residual clause" the Court of Appeals rejected the proposition that the reasoning in *Johnson* also mandated invalidation of the residual clause of §924(c).  This Court is bound by the decision in *Taylor*, and consequently cannot grant Petitioner relief on his *Johnson* claim.

In his response to the motion to dismiss, Petitioner asserts that the United States'

reliance on *Taylor* is suspect because the Court of Appeals, in *Shuti v. Lynch*, 828 F.3d

440 (2016), invalidated, on vagueness grounds, a section of the Immigration and

Nationality Act, 8 U.S.C. §1101 *et seq.*, which makes a non-citizen subject to deportation

ineligible for discretionary relief from removal if that person has been convicted of a

"crime of violence." That Act relies on the definition of "crime of violence" set out in 18

U.S.C. §16, which includes a felony offense which "by its nature, involves a substantial

risk that physical force against the person or property of another may be used in the

course of committing the offense." Noting the similarity between that language and the

language of the residual clause of the ACCA, the Court of Appeals held that "both

provisions combine indeterminacy about 'how to measure the risk posed by a crime'

and 'how much risk it takes for the crime to qualify' as a crime of violence or a violent

felony"; therefore, the Court of Appeals could not "avoid the conclusion that the INA's

residual clause falls squarely within *Johnson's* core holding." *Shuti*, 828 F.3d at 447.

In *Shuti*, the government argued that *Taylor* was inconsistent with invalidating

the definition of "crime of violence" contained in 18 U.S.C. §16(b). The Court of

Appeals rejected that argument, however, noting that "we find Taylor wholly consistent

with our conclusion," *Shuti*, at 449. The Court of Appeals said that "18 U.S.C. § 924(c)

is a criminal offense that requires an ultimate determination of guilt beyond a

reasonable doubt—by a jury, in the same proceeding. This makes all the difference." *Id*.

Consequently, Petitioner may not rely on *Shuti* to undermine the controlling effect of

the *Taylor* decision.

Petitioner also argues that his convictions for violations of 18 U.S.C. §1952 and 18 U.S.C. §2261A do not constitute crimes of violence within the meaning of 18 U.S.C. § 924(c).  However, this claim does not raise an issue under *Johnson.*  Instead, Petitioner argues that these convictions do not qualify as "crimes of violence" under 18 U.S.C. § 924(c) by application of the "categorical approach" required by *Descamps v. United States*, -- U.S. --, 133 S.Ct. 2276 (2013),  and *Taylor v. United States*, 495 U.S. 575 (1990), and as defined in *Johnson v. United States,* 559 U.S. 133, 140 (2010).   This claim is untimely.  *See* 28 U.S.C. § 2255(f) (providing for a one-year statute of limitations in the filing of § 2255 motions); *United States v. Jefferson*, No. 3:05-cr-135, 2016 WL 3523849, at *2 (S.D. Ohio June 28, 2016)(reaching the same conclusion).  Petitioner could have raised this issue before the Supreme Court's decision in *Johnson,* including as part of his direct appeal.  It is therefore not only untimely but procedurally defaulted.  *See United States v. Frady*, 456 U.S. 152 (1982).

## III.  Recommended Disposition

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that the motion to vacate sentence (Doc. 212) be **DENIED** and that this action be **DISMISSED**.

## IV.  Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is

made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s Terence P. Kemp
United States Magistrate Judge