UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELISHA LACY DICKENS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:16-cv-603
CRIM. NO. 2:08-cr-163(3)
JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On December 14, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the *Motion to Vacate under 28 U.S.C. § 2255*, ECF No. 212, be denied and that this action be dismissed. ECF No. 222. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. ECF No. 228. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, the *Report and Recommendation*, ECF No. 222, is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss § 2255 Petition*, ECF No. 218, is **GRANTED**. The *Motion to Vacate under 28 U.S.C. § 2255*, ECF No. 212, is **DENIED**. This action is hereby **DISMISSED.**

This case involves Petitioner's June 19, 2009, convictions after a jury trial on charges of travel in interstate commerce with intent to injure or harass another that resulted in death; travel in interstate commerce with intent to commit a crime of violence in furtherance of an unlawful activity; using, carrying, brandishing, and

discharging a firearm in relation to a crime of violence resulting in murder; and conspiracy to possess with intent to distribute cocaine and cocaine base. The Court imposed an aggregate term of 600 months imprisonment. On July 19, 2011, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of this Court. ECF No. 158. On October 3, 2011, the United States Supreme Court denied the petition for a writ of *certiorari.* ECF No. 163. On June 24, 2016, Petitioner filed the *Motion to Vacate under 28 U.S.C. § 2255.* ECF No. 212. Petitioner challenges his convictions on Counts Two, Four and Six of the *Superseding Indictment*, which charge him with knowingly using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), (j)(1), and 2. ECF No. 41, PageID # 94–96. Petitioner asserts that his convictions under the Stalking Act, 18 U.S.C. § 2261A, and the Interstate Travel Act, 18 U.S.C. § 1952, categorically do not constitute crimes of violence under § 924(c)(3)(A) because such offenses may be accomplished without the use of force. Petitioner further challenges the continued validity of his convictions in view of the Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015) (declaring the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act to be unconstitutionally vague). The Magistrate Judge recommended dismissal of Petitioner's claims as either time-barred or without merit.

Petitioner objects to the recommendations of the Magistrate Judge. Petitioner raises the same arguments he previously presented. Petitioner

maintains that this Court is not bound by the Sixth Circuit's decision in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) (holding that *Johnson* does not affect the residual clause of § 924(c)); that, in view of *Johnson*, the residual clause of § 924(c) is constitutionally invalid; and that his predicate convictions under 18 U.S.C. § 1952 and § 2261 can no longer qualify as crimes of violence under *Johnson*.

These arguments are not persuasive.

> To the extent Petitioner argues that *Johnson* invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his [] convictions under § 924(c)(1)(A), that argument fails because binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA, § 924(c)(3)(B)'s definition of crime of violence remains unaffected. *See United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that Johnson effectively invalidated [the former] is ... without merit").

*Wooden v. United States*, Nos. 1:03-CR-66-HSM-CHS-1, 1:15-CV-3040HSM, 2017 WL 1403222, at *2 (E.D. Tenn. April 19, 2017). Petitioner's remaining arguments do not raise an issue under *Johnson*, and are time barred under the provision of 28 U.S.C. § 2255(f) (providing for a one-year statute of limitations on the filing of 2255 motions.)

Therefore, for these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection*, ECF No. 228, is

**OVERRULED**. The *Report and Recommendation*, ECF No. 222, is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss § 2255 Petition*, ECF No. 218, is **GRANTED**. The *Motion to Vacate under 28 U.S.C. § 2255*, ECF No. 212, is **DENIED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

MICHAEL H. WATSON
United States District Judge